2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Everett YOUNG, Defendant-Appellant.
 No. 92-50281.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided Aug. 6, 1993.
 
 MEMORANDUM**
 Before: WOOD*, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 On October 1, 1991, appellant Robert Everett Young was stopped by Sergeant Eugene Komrosky of the Cypress Police Department, ostensibly for a minor traffic violation. As Young got out of his car, Komrosky noticed a loaded handgun magazine in the front console of the vehicle. Young admitted to Komrosky that he kept a handgun in his vehicle, although it is disputed whether he specifically stated that it was located in the trunk. What happened next is also disputed but during a search of Young's car Komrosky noticed a large brown paper bag lying on the floor board of the front passenger seat. He picked up the bag, which contained a heavy, brown, cardboard box that was taped closed with silver duct tape. Komrosky cut the duct tape with a knife, opened the box, and discovered eleven anti-personnel fragmentation grenades wrapped in newspaper. He then arrested Young for possession of unregistered firearms. After a trial Young was convicted of those charges.
 
 
 2
 In denying Young's motion to suppress, the district court determined that a search of his entire car, including the sealed box, was justified on the grounds of: 1) consent; 2) probable cause; and 3) protective sweep. We need discuss only the last of these rationales.[1] For his own safety a police officer may perform a protective sweep of the passenger compartment of an automobile if he possesses a reasonable belief that the suspect is dangerous and that he may gain immediate control of a weapon. Michigan v. Long, 463 U.S. 1032, 1049 (1983). There is simply no question that Sergeant Komrosky's discovery of a loaded handgun magazine in the passenger compartment of Young's vehicle permitted him to perform a protective sweep. Young has not argued that even if a sweep of the passenger compartment is lawful, a protective sweep does not afford officers the right to open sealed containers. He contests only whether there was a sufficient basis for the sweep itself. Therefore, we do not reach the sealed container question.[2]
 
 
 3
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, Seventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In his opening brief on appeal, Young claimed that the stop of his vehicle was pretextual. However, at oral argument counsel conceded the issue of pretext was not raised in the district court. Under these circumstances we have no alternative but to hold that it was forfeited
 
 
 [2]
 We also, of course, express no view on whether probable cause to believe a crime has occurred exists when an officer observes in the passenger compartment of a vehicle a loaded magazine for a weapon that may be lawfully carried if the carrier holds the requisite license. Nor do we consider whether voluntary consent was properly found or whether the district court's findings on that issue were adequate